Filed 11/8/13  P. v. Watson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072603 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01475) |
| v. | |
| JOHATHAN MAYHEW WATSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jonathan Mayhew Watson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

FACTS

On February 26, 2012, at 7:30 p.m., Kristen M. returned to her apartment to find her couch cushions upended, her suitcases opened, and defendant (a man not known to Kristen M.) standing in her apartment. Defendant was holding several of Kristen M.'s purses, her guitar, and a backpack. Kristen M. yelled out to defendant, defendant ran into the kitchen, and Kristen M. followed him. As Kristen M. pursued defendant, defendant threw the guitar at her. Kristen M. and defendant both fell and defendant began throwing purses at Kristen M. Kristen M. chased defendant outside, around the backyard, and over a white fence. Then she went inside to call the police.

Meanwhile, Kristen M.'s landlady Nancy M. (who lived in the apartment above Kristen M.'s) heard glass breaking and Kristen M. screaming. Nancy M. ran out of her apartment and saw Kristen M. "fighting" with defendant as they were coming out of Kristen M.'s apartment. Nancy M. also chased defendant as he tried to leave through a fence gate; when she reached defendant, he punched her in the neck. Defendant then tried to flee over the fence but became stuck on the top of the fence, dangling upside down and kicking his feet.

From the top of the fence, defendant kicked Nancy M. and she fell to the ground. Nancy M. got to her feet as her husband Grant M. arrived and warned Nancy M. that defendant had a knife. Grant M. then tried to stop defendant by grabbing defendant's backpack while he was still hanging from the fence. Defendant continued kicking at Grant and Nancy M., kicking Nancy M. in the chest. Then, according to Grant M.: "All of a sudden there was a big kitchen knife being waved in my face." Grant M. let go of defendant and told Nancy M. to back up. They watched defendant get down from the fence, walk to a nearby parking lot, get on a bicycle, and ride away.

Police Officer Lilia Vasquez found defendant on the street, standing near a bicycle and a tree with a knife stuck in it. Defendant was breathing heavily and sweating, his pants torn and bloodied. Vasquez searched defendant's person and found Kristen M.'s

2

employment identification photograph, jewelry, camera, and mail. Kristen M. and Nancy M. later identified defendant as the man who had been in Kristen M.'s apartment.

Defendant was arrested and charged with robbery (Penal Code, § 211)[1], first degree burglary of a dwelling (§ 459), and felony assault (§ 245, subd. (a)(4)). The charging document further alleged defendant had six prior felony strike convictions (§§ 667, subds. (b)-(i), 1170.12.) Defendant pleaded not guilty to the charges and denied the allegations; his pretrial motion to suppress evidence was denied.

Following a jury trial, defendant was found guilty of robbery, first degree burglary, and misdemeanor assault. The trial court later found true five of the alleged prior felony convictions and sentenced defendant to 15 years in state prison plus an indeterminate term of 25 years to life. The trial court imposed various fines and fees and awarded defendant 287 days of custody credit.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising several claims of error. First, defendant contends the trial court "showed bias by not allowing defendant a fast and speedy trial and failed to consider defendant['s] age of 61." The issue of bias was not raised in the trial court; it cannot be raised for the first time on appeal. (*People v. Beaumaster* (1971) 17 Cal.App.3d 996, 1009.)

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

3

To the extent defendant is separately arguing the trial court wrongly denied him a speedy trial, this argument fails as well. Absent a time waiver, defendant was entitled to have an information filed within 15 days of being held to answer (§ 1382, subd. (a)(1)) and was entitled to be brought to trial within 60 days of his arraignment on the information. (§§ 1382, subd. (a)(2); 1049.5.) Defendant was arraigned on February 28, 2012, the same day the operative complaint was filed. On April 16, 2012, defendant agreed to a 10-day time waiver. On May 9, 2012, the complaint was deemed the information. On June 25, 2012, defendant agreed to another time waiver and trial was set for August 15, 2012. Trial began on August 15, 2012. Accordingly, on this record, we find no error.

Defendant also raises the issue of his age without reference to exactly how his age was relevant to the issues at trial. On this record, defendant's age was arguably relevant only at sentencing. At sentencing, the trial court noted for the record that it had reviewed the probation report, which included defendant's age. Defendant's trial counsel also argued defendant's age as a mitigating factor in support of his *Romero*[2] motion. Accordingly, the trial court was clearly made aware of defendant's age at the time of sentencing. We presume the trial court thus took defendant's age into account when it determined there were no mitigating factors in sentencing defendant. (See Evid. Code, § 664 [it is presumed that official duty has been regularly performed]; see also *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583 [we must adopt all inferences in favor of the judgment].) We find no error.

Defendant further contends he received ineffective assistance of counsel because trial counsel failed to put on evidence that defendant was recently released from mental hospitals, did not allow defendant to testify on his own behalf, and failed to present

---

**2** *People v. Superior Court* (1996) (*Romero*) 13 Cal.4th 497.

4

testimony from defendant's brother and his friend.  To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and that defendant suffered prejudice as a result.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  The record on appeal is silent as to why trial counsel made the litigation decisions about which defendant is now complaining.  We therefore reject this claim.

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


        RAYE        , P. J.


We concur:


    NICHOLSON    , J.


    ROBIE       , J.